IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01983-BNB

JERRY LEWIS DEDRICK,

    Applicant,

v.

J. M. WILNER, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2009

GREGORY C. LANGHAM
    CLERK

## ORDER TO DISMISS IN PART AND TO AMEND IN PART

Applicant Jerry Lewis Dedrick is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at USP Florence. Mr. Dedrick initiated this action by submitting a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 to the Court. The Court must construe the Application liberally because Mr. Dedrick is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Dedrick asserts that the BOP is requiring him to participate in the 500-hour intensive drug abuse education program as a condition of his supervised release in violation of his right to free exercise of religion. Mr. Dedrick further asserts that upon his release he will be required to participate in a substance abuse program, such as Alcoholics Anonymous, which is nonsecular and violates his religious beliefs, and

nonparticipation will result in his violating the terms of his supervised release. Mr. Dedrick also asserts that he currently is required to participate in a substance abuse program in violation of his First Amendment rights. As relief, Mr. Dedrick seeks a court order vacating the requirement that he participate in the BOP's 500-hour intensive drug abuse education program, and prohibiting any sanctions if he does not participate in the programs while he is incarcerated.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." See *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), see, e.g., *Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991), and 28 U.S.C. § 1331.

To the extent Mr. Dedrick challenges the requirement that he participate in drug abuse education programs while he is incarcerated, the claim more properly is raised under *Bivens* and § 1331. With respect to Mr. Dedrick's claim that if he is required to participate in a nonsecular drug abuse education program as a condition of his supervised release the failure to do so may result in his reincarceration, the claim is not ripe for consideration.

The ripeness doctrine is "intended 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.' " *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995)

(quoting **Abbott Laboratories v. Gardner**, 387 U.S. 136, 148, **overruled on other grounds**, 387 U.S. 136 (1967)). The Court's determination of ripeness considers both whether the issue is fit for judicial review and the hardship to the parties of withholding judicial consideration. **See id.** "In determining whether an issue is fit for judicial review, the central focus is on 'whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.' " **New Mexicans for Bill Richardson**, 64 F.3d at 1499 (quoting 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure, § 3532 at 112).

Although the Tenth Circuit in **United States v. White**, 244 F.3d 1199 (10th Cir. 2002), concluded that a defendant's challenge to three conditions of his supervised release was ripe for review, **White** is distinguishable from this case. In **White**, the defendant already had served the custodial portion of his sentence, was appealing from a second violation of his supervised release, and was in imminent danger of reincarceration were he to violate any terms of his supervised release. Mr. Dedrick has a number of years left to serve before he even is on supervised release. **See** Fed. Bur. of Prisons Website, Inmate Locator. His projected release date is July 8, 2024. **Id.** Mr. Dedrick's concerns regarding the type of drug abuse education program he may be required to attend during the time he is on supervised release is speculative, and any opinion rendered by this Court at this time would be completely speculative and advisory.

The Court, therefore, will dismiss Mr. Dedrick's claims regarding his supervisory release. The remaining claim pertains to the conditions of Mr. Dedrick's confinement

and is more properly addressed in a prisoner complaint. The remaining claim and the action, therefore, will be construed as a prisoner complaint, and Mr. Dedrick will be given thirty days to file his claims on a Court-approved form used in filing prisoner complaints and to submit a proper 28 U.S.C. § 1915 Motion and Affidavit used in prisoner complaint actions.

The Court also notes that Mr. Dedrick, while incarcerated in the State of Texas, was found by the United States District Court for the Western District of Texas to have abused the Court system. Mr. Dedrick filed twenty-six separate pleadings in the same case complaining of the exact same and already adjudicated issues. *See Dedrick v. United States*, No. 06-cv-00001-RAJ at 2 (D. Tex. Jan. 25, 2006) (unpublished). Any attempt by Mr. Dedrick to engage in abusive litigation tactics in this Court will not be tolerated. Furthermore, the Court also notes that Mr. Dedrick is subject to filing restrictions under 28 U.S.C. § 1915(g). *See Lewis v. Outlaw*, No. 07-cv-00177-KFG (E. D. Tex. July 12, 2007) (unpublished). Accordingly, it is

ORDERED that the claim Mr. Dedrick has raised pursuant to 28 U.S.C. § 2241 regarding his supervisory release is dismissed as it is not ripe for consideration. It is

FURTHER ORDERED that the claim Mr. Dedrick raises regarding his required participation in a drug abuse education program while he is incarcerated more properly is raised under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and/or 28 U.S.C. § 1331. It is

FURTHER ORDERED that if Mr. Dedrick desires to pursue his remaining claim he shall file the claim on a Court-approved form used in filing prisoner complaints and

4

will submit a proper 28 U.S.C. § 1915 Motion and Affidavit within thirty days of the date of this Order.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Dedrick, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Prisoner Complaint and two copies of a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 to be submitted to the Court for consideration of Mr. Dedrick's ability to proceed pursuant to § 1915.  It is

FURTHER ORDERED that if Mr. Dedrick fails to comply with this Order within the time allowed the action will be dismissed without further notice.

DATED at Denver, Colorado, this 22 day of Sept, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01983-BNB

James Lewis Dedrick
Reg No. 27140-180
US Penitentiary
P.O. Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint forms** to the above-named individuals on 9/23/09

GREGORY C. LANGHAM, CLERK

By: _____
   Deputy Clerk